*Morehead & Reed, Payne & Waller* for appellants: *Cates & Lindsey* for County Court.

---

# Redding *vs* Commonwealth.

### ERROR TO THE LOUISVILLE CITY COURT.

#### *Presentments.   Retailing Spirits, &c.*

JUDGE MARSHALL delivered the opinion of the Court.

INDICTMENT.

*Case* 92.

*April* 25.

THE only question presented for our consideration, arises on the construction of the Act of February, 1839, (*Sess. Acts*, 167,) amending the 14th section of the act of the previous session, for amending the Charter of the City of Louisville.

The case stated.

REDDING
*vs*
COMMONWEALTH

A presentment
for selling spir-
its, &c. in the
City of Louis-
ville, which char-
ges a selling "in
the City of Lou-
isville, in quan-
tities less than a
quart, spiritu-
ous, malt, & fer-
mented liquors,
&c." is good un-
der the statute of
1838, not affect-
ed by the act an-
nulatory thereof
in 1839.

By the 14th section of the last mentioned act, it is de-
clared that " no person shall sell any spirituous, malt, or
" fermented liquor, in said City, by retail, that is, in any
" quantity less than a quart, without license from the Coun-
" cil, under the penalty of fifty dollars for every such of-
" fence. " The amendatory act of 1839, enacts that said
14th section " shall be so amended as that no person shall
" sell any spirituous, malt, fermented, or other liquors, or
" combinations thereof, in said City, by the retail, that
" is, less than a quart, or of a quart, or of more than a
" quart, when drank in the house, or in the premises
" used or connected with the house of the person selling
" the same, without a license from the Council, under
" penalty of fifty dollars for every such offence. "

The presentment in this case charges, that the defend-
ant did, on, &c., sell, in the City of Louisville, by the
retail, in quantity less than a quart, spirituous, malt, and
fermented liquor, &c. And the question is whether, since
the amendatory act of 1839, there is any such offence as
is described in the presentment.

The first of these acts, it will be observed, makes the
selling of liquor by retail, in Louisville, an offence, with-
out reference to the place or the fact of its being drunk.
The amendatory act repeats the prohibition against sel-
ling liquor by retail, in the City, and goes on to prohibit
the selling of a quart, or more than a quart, and introdu-
ces the new fact of its being drunk in the house, &c.
Do the words " when drank in the house " qualify the
whole of the previous description, or do they qualify that
part only which relates to the sale of a quart, or more
than a quart? Does the amendatory act abolish the of-
fence of merely selling by retail in the City, by introdu-
cing the new fact of the liquor being drunk in the house,
as necessary to constitute an offence, or does it, by re-en-
actment, continue the old offence, without this ingredi-
ent, and also define a new and additional one, of which
this ingredient shall constitute an essential part?

It must be confessed that little aid is to be derived in
the construction of the amendatory act, either from its
punctuation, or from the application of any grammatical
rules to its structure. But it is apparent, in the first

place, that the amendatory act intends to make a distinction between selling liquors in quantities less than a quart, and selling a quart or more. For if the sale of any and all quantities, great or small, were intended to be placed on precisely the same footing, why should reference have been made to different quantitis according to the well known distinction, as applicable to this subject, between retail and wholesale? And if such distinction were intended, it can only be carried out by supposing the condition of being drunk in the house, to have been intended to apply exclusively to the sale of liquors by the quart or larger quantity.

Again, the act of 1838 denounces only the sale of certain liquors by retail, in the City. The amendatory act not only makes this denunciation more comprehensive by including all sorts of liquors or combinations thereof, but also extends the denunciation to the sales of larger quantities, which had been wholly omitted in the previous act. And while the distinction between selling liquor by the small and in larger quantities, recognized by our general statutes, and founded upon an observation of the less deleterious effects of the latter mode, may suggest a reason why selling in this mode should not be subjected to the penalty unless the liquor sold be drunk in the house, &c. of the vendor, the same consideration and also the example of our more general statutes tends to repel the application of the same condition to the sale of liquors by retail. It is obvious too, that in a city, the object intended to be effected by the prohibition in the act of 1838, against the sale of liquors by retail, would be but illy attained if the denunciation were restricted to those cases in which the liquor may be drunk in the house, &c. of the vendor. While therefore we find in these considerations, and in the obvious policy of the City and of the State, and in the example of our more general statutes, a sufficient reason for extending the prohibition of the act of 1838, so as to include the sale of all sorts of liquors and their combinations, by retail, and also for extending the prohibition to sales of larger quantities, when drunk in the house, &c. we do not find any motive for restricting the denunciation of the act of

1838, with respect to sales by retail, and there is certain- ly nothing in the amendatory act which requires us, by construction, to give it this restrictive operation. On the contrary, it seems to have been intended in this act to repeat, in more comprehensive terms, the prohibition against retailing liquors in the City, and also to define as a new offence, the sale in larger quantities, when the liquor is drunk in the house, or on the premises, &c. of the vendor.

Under this view of the statute, the presentment was good, though it did not aver that the liquor was drunk in the house, &c. of the vendor, and the admission of proof that it was in fact so drunk, was neither erroneous nor injurious to the defendant.

Wherefore the judgment is affirmed.

*Dozier & Haggin* for plaintiff: *Cates, Atto. Gen.* for Commonwealth.